**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

    **Plaintiff,**

**v.**                                                        **Case No. 04-20115-13-JWL**

**Sandra D. Etters,**

    **Defendant.**

## ORDER

Defendant Sandra Etters and twenty other persons were charged in a superseding indictment with various drug offenses. She plead guilty to the offense charged and is currently serving the imposed prison sentence. Ms. Etters filed a Motion to Modify Sentence ("Motion"), claiming familial and financial hardships have created extraordinary circumstances since her sentencing, so the Court should modify the terms of her sentence from incarceration to home confinement. Essentially, she seeks to invoke the Court's sentencing authority for relief upon "compassionate" grounds particularly within the power of the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A).

Without deciding whether this modification was contemplated in Ms. Etters' waiver of appeal and collateral attack contained in her plea agreement, this Court declines to modify the sentence because it lacks authority to do so. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). "Section

3582(c) provides that a court *may not* modify a term of imprisonment once it has been imposed except in three limited circumstances." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). The three circumstances include when the Director of the Bureau of Prisons motions the court in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison, when expressly permitted by statute or by Rule 35, or when the defendant has been sentenced and the sentencing range subsequently has been lowered. § 3582(c). In Ms. Etters' case, there has been no motion from the Director of the Bureau of Prisons, and because that requirement has not been met, Ms. Etters is ineligible for a special circumstances reduction. *See Smartt*, 129 F.3d at 541. Furthermore, Ms. Etters' claim does not fit under any other statute or Rule 35 and the sentencing range has not been lowered. Therefore, the Motion is denied. *See generally United States v. Alvarado-Carrillo*, 2003 WL 1909290 (10th Cir. 2003) (affirming district court's denial of a post-sentencing downward departure based upon post-conviction rehabilitation reasons because none of the section 3582(c) exceptions applied).

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Etters' Motion to Modify Sentence is **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 28th day of September, 2007.

                                  s/ John W. Lungstrum
                                  John W. Lungstrum
                                  United States District Judge